UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE CIFUENTES DE LEON,

    Defendant.

No. CR 19-00422 WHA

**ORDER RE MOTION TO DISMISS**

### INTRODUCTION

In this prosecution for illegal reentry following deportation, defendant moves to dismiss the indictment. For the reasons stated below, the motion is **DENIED**.

### STATEMENT

Defendant Jose Cifuentes De Leon is a citizen of Guatemala. In September 2007, he was arrested in Orlando and eventually detained in Glenn County Jail for burglary, where he came to the attention of ICE. Defendant admitted that he had entered the United States without inspection around September 2003.

ICE then initiated removal proceedings with a notice to appear, dated September 21, 2007. The notice required defendant to appear before an immigration judge of the United States Department of Justice. The notice left the hearing location, date, and time to be determined at a later date. Defendant was advised orally that the hearing would be calendared at some point in the future. The certificate of service for the notice is dated January, 23, 2008.

In December 2007, defendant pled guilty to grand theft and received a suspended sentence of 180 days in jail. In January 2008, Marin County Sheriff's Office arrested him for alleged battery on a person. A week later, defendant was transferred to ICE custody and served with a Form I-826, which provided three options as to how he could proceed. He chose the third option — admitting that he was in the United States illegally, admitting he did not fear return to his country, waiving his rights to a hearing before an immigration court, and agreeing to be detained until he could be returned to his country.

The next day, defendant was transferred to the ICE Detention Center in Eloy, Arizona. A few days later, the immigration court in Eloy served defendant with a notice of hearing, which stated that his hearing would take place on February 14, 2008. Defendant appeared at his hearing as scheduled with Judge Thomas Michael O'Leary presiding. The judge addressed defendant's case and many others at the same time during the mass hearing. Defendant was physically removed to Guatemala on February 26, 2008. He was deported again in October 2008 and again in January 2011 following a guilty plea for illegal reentry in front of Judge Charles Breyer.

In July 2019, CHP arrested defendant after finding him driving with a BAC of .19% and a child in the vehicle. In September 2019, a federal grand jury indicted him for illegal reentry under 8 U.S.C. § 1326. Defendant now moves to dismiss the indictment.

**ANALYSIS**

Under FRCP 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." The indictment here has charged defendant with illegal entry under 8 U.S.C. § 1326 which provides that "[a]n alien that has been denied admission, excluded, deported or removed, or departed the United States while an exclusion, deportation, or removal is outstanding shall be fined or imprisoned."

1. **JURISDICTION OF IMMIGRATION COURT.**

Defendant argues that he does not need to meet the Section 1326(d) criteria because his initial removal in 2008 was jurisdictionally improper due to the failure of the September 2007 notice to appear to designate the address, date, or time of the hearing. Until recently, the two

2

primary controlling cases that address deficient notices to appear were *Pereira v. Sessions* and *Karingithi v. Whitaker*. 138 S. Ct. 2105, 2107 (2018); 913 F.3d 1158 (9th Cir. 2019), cert. denied sub nom. *Karingithi v. Barr*, 140 S. Ct. 1106 (2020), and cert. denied sub nom. *Karingithi v. Barr*, 140 S. Ct. 1106 (2020). Because *Karingithi* is controlling, this order will not address defendant's arguments that "that time-and-place information is required in an NTA under 8 U.S.C. § 1229(a)" and accordingly that the agency lacked statutory authority to conduct removal proceedings for those reasons.

*Pereira* involved a deficient notice to appear in the context of the stop-time rule. Generally, nonpermanent residents who are subject to removal proceedings may be eligible for cancellation of removal if, among other things, they have "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [an] application." 8 U.S.C. § 1229(b)(1)(A). Under the stop-time rule, the period of continuous presence is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229(d)(1)(A). Section 1229(a) requires that a notice to appear specify, among other things, "[t]he time and place at which the [removal] proceedings will be held." § 1229(a)(1)(G)(i). The Supreme Court found that because Pereira's notice to appear merely ordered him to appear before an immigration judge in Boston "on a date to be set at a time to be set," it did not trigger the stop-time rule. *Pereira,* 138 S. Ct. at 2108.

*Karingithi* involved a deficient notice to appear in the context of an immigration judge's jurisdiction. There, our court of appeals found *Pereira* to be a narrow ruling that applied to the sufficiency of a notice for purposes of the stop-time rule. In Karingithi's case, however, our court of appeals found, after comparing the requirements for a notice to appear under 8 U.S.C. § 1229(a) and 8 C.F.R. §§ 1003.15 – 1003.18, that even though her notice stated the date and time of her hearing were "to be set," the immigration judge nonetheless had jurisdiction over her removal proceedings. In particular, our court of appeals found the regulatory definition to govern the immigration court's jurisdiction, not the statute, and that because the regulation did not require the notice to appear to state the time and date of the hearing, the immigration court had jurisdiction. *Karingithi*, 913 F.3d at 1160.

3

The relevant regulations provide for the following: 8 C.F.R. § 1003.14(a) states that "[j]urisdiction vests, and proceedings before an [i]mmigration [j]udge commence, when a charging document is filed with the[i]mmigration [c]ourt." 8 C.F.R. § 1003.15(b) goes on to state that the notice to appear must include, among other things, "[t]he address of the [i]mmigration [c]ourt where the Service will file the Order to Show Cause and Notice to Appear." 8 C.F.R. § 1003.18 adds that, "[i]n removal proceedings pursuant to Section 240 of the Act, the Service shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, where practicable."

Our case is, however, unlike *Pereira* or *Karingithi* as the stop-time rule is not being applied and the notice to appear not only lacks the time and date, but also the place. Courts in our district have failed to come to a consistent conclusion as to whether an immigration court has jurisdiction over removal proceedings when the notice to appear does not provide a time, date, or place for the hearing. *Compare United States v. Mendoza*, No. 18-CR-00282, 2019 WL 1586774 (N.D. Cal. 2019) (Judge Haywood Gilliam) *with United States v. Rosas-Ramirez*, 424 F. Supp. 3d 758 (N.D. Cal. 2019) (Judge Lucy Koh). A recent decision by our court of appeals has, however, found that a failure of a notice to appear to include a time, date, or location does not deprive an immigration court of jurisdiction over a defendant's removal proceedings. *Fermin v. Barr,* 2020 WL 2123371 (9th Cir. May 5, 2020). In that case, petitioner Cecilia Aguilar Fermin moved to reopen her removal proceedings following *Pereira* on the ground that her notice to appear was deficient. Our court of appeals upheld the Board of Immigration Appeals decision that although Section 1003.15(b)(6) appears to clearly state that a notice to appear must include the address of the immigration court, when read in conjunction with Section 1003.18(b), a failure to include the address is not fatal to the immigration court's jurisdiction.

This order agrees. Here, the government contends that the requirements in the regulations are flexible, specifically that jurisdiction for an immigration court is unlike subject-matter jurisdiction for a federal court where a failure to satisfy a jurisdictional requirement would create an absolute bar on the exercise of the agency's authority. As stated above, our of

4

appeals has explicitly held that the regulations define when the immigration court's jurisdiction vests, and has also accepted the idea that a failure to meet jurisdictional requirements could require the termination of proceedings. The regulations are, nonetheless, somewhat unclear. Subsections (a) and (c) of 8 C.F.R. § 1003.15, which outline the requirements for orders to show cause and notices to appear, state that failure to meet those requirements does not "provide the alien with any substantive or due process rights. In contrast Subsection (b), which provides the address requirement for a notice appear, does not contain such a provision, possibly suggesting failure to include an address would provide the alien with those rights and accordingly deprive the immigration court of jurisdiction. As found by our court of appeals in *Fermin,* however, a later section of the same regulation acknowledges the possibility of a failure to include a time, date, or place in a notice to appear. The section states that in removal proceedings, "the Service shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, *where practicable*," implying that a failure to include an address may not be fatal. 8 C.F.R. § 1003.18 (emphasis added). Thus, based on the regulations alone, the failure of our defendant's notice to appear to include the time, date, and location is not sufficient to deprive the immigration court of jurisdiction over his removal proceedings.

Our court of appeals has further acknowledged that other factors such as prejudice to defendant, if any, may also be considered in determining whether an immigration court's jurisdiction has been compromised. *Kohli v. Gonzales,* 473 F.3d 1061, 1065 (9th Cir. 2007). Here, it is unclear what prejudice defendant has suffered from the failure of the notice to appear to provide a location. True, he was removed. But the primary purpose of providing an address in the notice to appear is for defendant to know where to attend his removal hearing. Here, defendant was served with a notice to appear and subsequently provided with a Form I-826 and a notice of hearing that provided the address of his hearing. Defendant then appeared for his removal hearing at the proper location. Defendant notes that providing the location of the immigration court in the notice to appear is necessary because it is the only place where noncitizens can file motions, applications, or petitions. There is, however, no indication he, himself, intended to file any such documents. It also may not have been practicable to provide

5

an address at the time immigration officials prepared defendant's notice to appear. Defendant initially came to the attention of ICE in September 2007 while in custody in Florida, which is also when immigration officials prepared his notice to appear. Following his release in Florida, Marin County Sheriff's Office arrested him four months later in California. They then transferred him to the ICE Detention Center in Arizona, where his hearing ultimately took place. Given defendant's movement and the fact that defendant's detention facility was unknown at the time immigration officials prepared the notice to appear, it may not have been practicable to provide an address.

Regardless of whether a subsequent notice of hearing can cure a deficient notice to appear, on balance, this order finds that the failure to include the date, place, and time of the hearing in defendant's notice to appear did not deprive the immigration court of jurisdiction over his removal proceedings.

**2.    8 U.S.C. § 1326(d).**

Because the immigration court had jurisdiction over defendant's removal proceedings, defendant's other option to dismiss the indictment is through a collateral attack. A defendant may collaterally attack a removal order by demonstrating: (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d).

Defendant argues that because the notice to appear did not provide a time and place, his right to judicial review was violated and he is excused from his failure to exhaust his administrative remedies. Defendant correctly states that our court of appeals has held that the first two prongs of Section 1326(d) can be satisfied "by showing that immigration officials in the underlying removal proceeding violated a regulation designed to protect an alien's right to judicial review." It is unclear that the violation here is one designed to protect an alien's right to judicial review as contemplated by *United States v. Gomez*. 757 F.3d 885 (9th Cir. 2014). Generally, "the regulation itself must serve a purpose of benefit to the alien" and the violation must have "prejudiced the interests of the alien which were protected by the regulation." Here,

6

the regulations providing the time and place requirements meet the first prong as they are essential and benefit a noncitizen by providing him the details of when to appear for his removal hearing. *See Pereira* 138 S.Ct. at 2115. As stated above, it is unclear how the failure of the notice to provide a time or place has prejudiced the defendant. Defendant contends that removal based on illegitimate grounds is enough to show prejudice. But this proposition asks us to assume what it seeks to prove. The erroneous removals that defendant cites to are those in which, for example, defendant was improperly advised of his right to discretionary relief (which would have affected the trajectory of his removal proceedings), whereas defendant here was ultimately provided with the time and place of his removal hearing, which he appeared at, rendering the initial failure to include the information null. *See e.g., United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006.). Similarly, *Gomez* found the exhaustion requirement satisfied when the immigration court failed to determine whether defendant made a valid waiver, which again could have affected the trajectory of his removal proceedings, but is not the case here.

Because defendant has at a minimum failed to meet the exhaustion requirement, we need not and will not address the remaining factors of Section 1326. Defendant's motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 28, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE